UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

CIVIL ACTION NO. 7:08-227-KKC

MELISSA COLLINS,     PLAINTIFF

v.     **OPINION AND ORDER**

WESTFREIGHT SYSTEMS, INC.,
MARKEL INSURANCE COMPANY OF CANADA, and
JOHN DOE-UNKNOWN DRIVER/EMPLOYEE
OF WESTFREIGHT SYSTEMS, INC.     DEFENDANTS

\* \* \* \* \* \* \*

This matter is before the Court the Motion to Dismiss and to Quash Summons of Defendant Markel Insurance Company of Canada [R. 4], Plaintiff's Response [R. 6], and Defendant's Reply [R. 7].  For the following reasons, the motion is GRANTED.

**I.**      **Introduction**

Plaintiff Melissa Collins commenced this action in Letcher Circuit Court on October 27, 2008. [R. 1, Attach. 2].  Pursuant to KRS 304.11-040 and KRS 304.3-230, Plaintiff served Defendant Markel Insurance Company of Canada ("Markel") through the Kentucky Secretary of State, who then sent Plaintiff's complaint and the accompanying summons by certified mail to Markel at an address in Alberta, Canada.  Markel challenges this method of service, asserting that the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention"), and not Kentucky law, governs service of process in this matter.  Markel argues that because service by certified mail is not valid under the Hague Convention, it should be dismissed from the action, or, in the alternative, the summons should be quashed.

**II.      Analysis**

Article 1 of the Hague Convention states: "The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361. In *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988), the Supreme Court analyzed this article to determine whether the Hague Convention applies when a plaintiff serves the domestic agent of a foreign defendant pursuant to state law. *Id.* at 706-708. The Supreme Court held that the Hague Convention applies "if the internal law of the forum state defines the applicable method of serving process as requiring the transmittal of documents abroad." *Id.* at 700. The Supreme Court found the Hague Convention inapplicable as service on the domestic agent was "valid and complete under both state law and the Due Process Clause" and thus "the case [did] not present an occasion to transmit a judicial document for service abroad." *Id*. at 707-708.

The parties disagree over the application of *Schlunk* to this case. Plaintiff contends that because Kentucky statutes establish the Kentucky Secretary of State as Markel's agent for service of process, she can complete service by serving the Secretary.[1] Because serving the Secretary does not involve the transmittal of documents abroad, Plaintiff concludes that the Hague Convention does not apply. Markel responds by arguing that because the above-mentioned

---

[1] Plaintiff argues that KRS §§ 304.11-030 and 304.11-040 establish the Secretary of State as Markel's agent of service as an unauthorized insurer. The Court disagrees for the reasons set forth in Markel's Reply. [R. 7]. The Court's analysis remains the same, however, because KRS § 454.210, which Plaintiff asserts as establishing jurisdiction over Markel, also establishes the Secretary as Markel's agent for service of process. [R. 1, Compl., ¶ 5].

Kentucky statutes require the Secretary to mail it a copy of the summons and the complaint, service of process is not complete until the Secretary does so.  Acting pursuant to statute, the Secretary mailed the summons and complaint to Markel in Canada.  From this, Markel concludes that service of process under state law required the transmittal of documents abroad and therefore the Hague Convention applies.

As noted by the Supreme Court in *Schlunk*, "[s]ervice of process refers to a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action." *Id*. at 700.  "The Due Process Clause requires every method of service to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id*. at 707 (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  The Hague Convention governs service of process if there "is a transmittal abroad that is required as a necessary part of service." *Id*.  Under the Kentucky statutes, a defendant receives notice of a pending action only after the Secretary mails the summons and complaint.  The mailing of the summons and complaint is therefore "a necessary part of service" because it is the crucial step in the process of notifying the defendant of the pending action.  Accordingly, the Court concludes that service pursuant to Kentucky statutes through the Secretary of State required the transmittal of documents abroad because those statutes directed the Secretary to send the summons and complaint to Markel in Canada.  Therefore, the Hague Convention applies.

Having determined that the Hague Convention applies, the Court must now determine whether service through the Secretary of State by certified mail satisfies the Hague Convention. Article 10(a) of the Hague Convention states that "[p]rovided the State of destination does not

object, the present Convention shall not interfere with – (a) the freedom to send judicial documents, by postal channels, directly to persons abroad . . . ." The Hague Convention, 20 U.S.T. 361. Following the reasoning in cases such as *Uppendahl v. Am. Honda Motor Co.*, 291 F. Supp. 2d 531 (W.D. Ky. 2003), Markel argues that Article 10(a) does not permit service of process by certified mail. In *Uppendahl*, the court concluded that such service was not permitted under Article 10(a) because the Hague Convention distinguishes between the terms "send" and "service," and since Article 10(a) uses the term "send", service of process cannot be completed by mail. *Id.* at 534. As Plaintiff rested her entire argument on the inapplicability of the Hague Convention, she has not addressed Markel's argument on this matter.

Federal district and circuit courts across the United States disagree over the interpretation of Article 10(a). *Id.* at 533. The Sixth Circuit has not addressed the issue, and district courts in this circuit are split. *See Humble v. Gill*, U.S. Dist. LEXIS 4552 (W.D. Ky. Jan. 21, 2009) (holding that Article 10(a) does not allow service of a Canadian defendant by mail); *cf. Rae Group, Inc. v. AIESEC Int'l*, 2008 U.S. Dist. LEXIS 83519 (E.D. Mich. Oct. 20, 2008) (holding that Article 10(a) allows service of a defendant in the Netherlands by mail). Moreover, no court in the Eastern District of Kentucky has addressed the issue. As Plaintiff has presented no argument on the issue, the Court will follow the *Uppendahl* decision. Therefore, the Court finds that Plaintiff did not comply with the Hague Convention by serving Markel by certified mail through the Kentucky Secretary of State.

Having found that Plaintiff failed to properly serve Markel, the Court concludes that the summons should be quashed. *See Humble*, 2009 U.S. Dist. LEXIS 4552 at *9 (citing *Stern v. Beer*, 200 F.2d 794, 795 (6th Cir.1953) ("if the first service of process is ineffective, a motion to

dismiss should not be granted, but the case should be retained for proper service later")). As this matter was removed from state court, Plaintiff is allowed to perfect service pursuant to Fed. R. Civ. P. 4 and the Hague Convention. 28 U.S.C. § 1448.

### III. Conclusion

For the foregoing reasons, the Court HEREBY ORDERS that:

(1)   Markel's Motion to Quash Summons [R. 4] is GRANTED; and

(2)   Plaintiff is allowed ninety (90) days to perfect service.

Dated this 17th day of April, 2009.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge